IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VIRGINIA MORGAN COOK, ET AL.,**

    **Plaintiffs,**

**v.**     //     CIVIL ACTION NO. 1:07CV149
                        (Judge Keeley)

**KINGWOOD MINING COMPANY, LLC,
PERRY RYAN, and MAX BURGOYNE,
SR.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

The question before this Court is whether the defendants, Perry Ryan and Max Burgoyne, Sr. ("Ryan" and "Burgoyne" respectively), were fraudulently joined by the plaintiffs in this civil action. It is undisputed that all the plaintiffs in the case are West Virginia citizens and that Ryan and Burgoyne also are West Virginia citizens.[1] If the plaintiffs fraudulently joined both Ryan and Burgoyne, this Court could exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. However, if either Ryan or Burgoyne was not fraudulently joined, pursuant to 28 U.S.C. § 1447 the case must be remanded to state court for lack of subject matter jurisdiction. For the reasons that follow, the

---

[1] The parties dispute the citizenship of the other defendant, Kingwood Mining Company, LLC ("Kingwood"). Because this Court is remanding this case based upon the citizenship of Ryan and Burgoyne, the Court declines to address the citizenship of Kingwood.

**COOK, ET AL. v. KINGWOOD MINING, LLC ET AL.                 1:07CV149**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

Court concludes that Ryan and Burgoyne were not fraudulently joined. Consequently, it **GRANTS** plaintiffs' Motion to Remand and **REMANDS** this case to the Circuit Court of Preston County, West Virginia.

**Background**

This lawsuit was filed in the Circuit Court of Preston County, West Virginia on October 19, 2007.[2] The plaintiffs allege that they are landowners in Preston County, West Virginia whose ground water the defendants have wrongfully contaminated and depleted. The plaintiffs have sued the defendants for violating the West Virginia Surface Coal Mining Reclamation Act, W.Va. Code § 22-3-1 et seq., (the "WVSCMRA"). They also assert state common law claims for property damage, nuisance, trespass, negligence, and gross negligence.

Kingwood is the owner of the local coal mine which the plaintiffs allege caused their water problems. Ryan and Burgoyne were superintendents or supervisors of the mine during the time that the damages occurred.

---

[2]This case was originally ten separate cases which, by mutual consent of the parties, this Court consolidated on January 8, 2008.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

The defendants removed the case to this Court on November 6, 2007 and, pursuant to 28 U.S.C. § 1447, the plaintiffs filed a motion to remand on January 10, 2008 (dkt. no. 12). The matter is now fully briefed and ripe for decision.

**Analysis**

**A. Plaintiff's Motion to Remand**

*1. Legal Standard*

A federal court must remand a case removed from state court whenever it becomes apparent that it lacks subject matter jurisdiction. 28 U.S.C. § 1447 (2007). A federal district court has diversity jurisdiction over a case if it arises between the citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

When complete diversity of parties does not exist, a district court may still exercise subject matter jurisdiction over a case if a non-diverse party has been fraudulently joined. In order to demonstrate fraudulent joinder, the removing party must provide evidence either of "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the

3

in-state defendant in state court."[3]  Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).

The party alleging fraudulent joinder bears a heavy burden-it must show that a plaintiff cannot establish a claim, even after resolving all issues of law and fact in the plaintiff's favor.  Id. The fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  Id.  "Once the Court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends," and remand is required.  Id.  Furthermore, the district court must resolve any uncertainties as to the current state of controlling law in favor of the plaintiff.  Id.

*2. Analysis*

As noted, in order to prevail on fraudulent joinder, the defendants must show either (1) that the causes of action asserted against both Ryan and Burgoyne are not cognizable in West Virginia or (2) that there is no "glimmer of hope" that the plaintiffs could prove any set of facts to support those claims.  The WVSCMRA

---

[3]In this case, the defendants have not alleged outright fraud in the plaintiffs' pleading of jurisdictional facts.  Therefore, the Court will limit its analysis to the second prong of Hartley.

4

provides that "[a]ny person or property who is injured through the violation by any operator of any rule, order or permit issued pursuant to this article may bring an action for damages, including reasonable attorney and expert witness fees, in any court of competent jurisdiction." W.Va. Code § 22-3-25(f). The statute also provides that "[n]othing in this section restricts any right which any person or class of persons may have under any statute or common law to seek enforcement of any of the provisions of this article and the rules thereunder or to seek any other relief." W.Va. Code § 22-3-25(e).

> An "operator" under the statute is
>
> any person who is granted or who should obtain a permit to engage in any activity covered by this article and any rule promulgated under this article and includes any person who engages in surface mining or surface mining and reclamation operations, or both. The term shall also be construed in a manner consistent with the federal program pursuant to the federal Surface Mining Control and Reclamation Act of 1977, as amended.

W.Va. Code § 22-3-3(o). The federal Surface Mining Control and Reclamation Act of 1977 defines an operator as "any owner, lessee, or other person who operates, controls, or supervises a coal or other mine or any independent contractor performing services or construction at such mine." 30 U.S.C. § 802(d).

5

**COOK, ET AL.  v. KINGWOOD MINING, LLC ET AL.**             **1:07CV149**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

In determining whether there is fraudulent joinder, this Court must give great deference to the plaintiffs and resolve all disputed issues of fact and law in their favor. <u>Hartley</u>, 187 F.3d at 424. In this case, the plaintiffs have alleged that both Ryan and Burgoyne had supervisory authority over the mine when the alleged violations of the WVSCMRA occurred.  They also allege that these violations resulted in damages to their real property, including the contamination and depletion of ground water.

The federal definition of an operator, incorporated by reference into the WVSCMRA, clearly encompasses any person who exercises supervisory authority over a coal mine.  30 U.S.C. § 802(d); W.Va. Code § 22-3-3(o).  The WVSCMRA creates an explicit private statutory cause of action against operators for violations of rules, orders, or permits issued under the WVSCMRA.  W.Va. Code § 22-3-25(f). The statute also explicitly preserves any other statutory or common law causes of action which may arise from the conduct.  W.Va. Code § 22-3-25(e).

Whether the defendants actually committed the violations alleged, and whether Ryan and Burgoyne actually had supervisory authority over the mine, are questions of fact.  In its limited jurisdictional inquiry, this Court must construe all facts in the

6

light most favorable to the plaintiffs.  At this early pre-discovery stage of the litigation, the defendants have not developed sufficient facts to disprove any possible set of facts which could support the plaintiffs' factual allegations.  For example, the evidence could show that the mine violated a WVSCMRA rule, that Ryan and Burgoyne were active and willing participants in that violation as supervisors, that the plaintiffs' ground water was severely damaged, and that the violation caused all of those damages.  For the purpose of deciding this motion to remand, the Court must assume the very best possible outcome in discovery for the plaintiffs.

In examining the facts and law in the light most favorable to the plaintiffs, it appears that the causes of action the plaintiffs allege against Ryan and Burgoyne for supervising a mine committing WVSCMRA violations are cognizable under West Virginia law.  The defendants have also failed to carry their heavy burden to show that there is no "glimmer of hope" that the plaintiffs could prove any set of facts to support those claims.

Consequently, this Court finds that the plaintiffs have not fraudulently joined Ryan and Burgoyne as defendants.  Because there is at least one plaintiff who is a citizen of the same state as at

least one defendant, this Court lacks subject matter jurisdiction over this case. This Court, therefore, **GRANTS** plaintiffs' Motion to Remand (dkt. no. 12) and **REMANDS** this case to the Circuit Court of Preston County, West Virginia for further proceedings.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: March 5, 2008.

/s/ Irene. M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE